Shirley A. DILTS, Petitioner,

United States of America, Intervenor,

v.

TODD SHIPYARDS CORPORATION; Director for the Benefits Review Board, of the United States Department of Labor; Eagle Pacific Insurance Company, Respondents.

No. 03–71622.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Dec. 7, 2004.

---

1. By a separate order filed this date, we defer submission of the sentencing issues that Defendant has timely raised.

James F. Leggett, Leggett & Kram, Tacoma, Wa, for Petitioner.

Mark S. Flynn, Esq., Department of Labor, Washington, DC, for Intervenor.

Christine N. Kohl, Esq., U.S. Department of Justice Civil Division, Office of the Solicitor U.S. Dept. of Labor, Washington, DC, Raymond H. Warns, Jr., Esq., Holmes Weddle & Barcott, Seattle, WA, Timothy B. Guilory, Waller & Associates, John Depenbrock, Associate Solicitor, Russell A. Metz, Esq., H. Eugene Davis, Esq., Seattle, WA, for Respondents.

Before: SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Shirley Dilts, petitions for review of the decision of the Benefits Review Board, affirming the denial of Dilts' claim against Todd Pacific Shipyards Corporation and its insurance carriers, (collectively "Todd"), for death benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. Dilts alleged that her husband died of lung cancer that was caused or contributed to by occupational exposure to asbestos in the course of his employment at Todd from 1965 to 1994. The administrative law judge denied Dilts' claim as barred by her failure to obtain Todd's approval of third-party settlements she had reached with asbestos manufacturers as required by § 33(g) of the Act, 33 U.S.C. § 933(g).

It is undisputed that Dilts neither notified the employer, nor obtained the approval of the employer for a number of third-party settlement agreements. She now attempts to argue that the statutory requirement of approval, contained in § 33(g), is unconstitutional because it permits an employer wrongfully to withhold approval of settlements, thereby forcing a claimant to obtain the benefits of a settlement at the cost of forfeiting the right to statutory compensation from the employer. Her position is not consistent with the Supreme Court's holding that the statutory for future provision must be interpreted broadly in accordance with its literal terms. See Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.